# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD L. BROWNLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4072-JAR |
| ) | |
| JOBBERS AUTOMOTIVE ) | |
| WAREHOUSE, INC. ) | |
| d/b/a KANSAS AUTOMOTIVE, INC., ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

Pursuant to the joint request of the parties, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby ORDERED this 30th day of November that the discovery in this matter be subject to the following terms and conditions:

1. This Order shall govern the use of Confidential Information, as defined in paragraph 2, in all proceedings conducted in the above captioned case, unless otherwise ordered by the presiding judge or magistrate judge.

2. "Confidential Information" shall mean all information designated as "Confidential" pursuant to paragraph 3 of this Protective Order which is produced or otherwise disclosed in connection with this action, and may include (a) all documents and things and copies thereof, (b)

answers to interrogatories and responses to requests for admissions, and (c) all testimony given in this action whether by deposition or at any pretrial hearing or trial, which any party designates as "confidential," Including all transcripts thereof. This Order shall also govern any copies, abstracts, excerpts, analysis, summaries, or other materials (whether in writing, electronic or other form) which contain, reflect or disclose information in such discovery materials or testimony which are designated as "Confidential."

3. Confidential Information in documentary or written form shall be designated as confidential by stamping the original or copies of the document produced to a party with the legend "CONFIDENTIAL" or otherwise notifying the other party, in writing or on the record, of the confidentiality of such document. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages or the document as confidential unless otherwise indicated by the producing party. In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced.

4. Subject to the provisions of paragraph 1, Confidential Information shall be given, shown, disclosed, described, made available, or communicated only to the following:

    a. For Plaintiff:

        i. persons listed as plaintiff witnesses, provided that before such persons receive any Confidential Information, each such person receives a copy of the Order and executes an

Agreement in the form of Exhibit A hereto;

      ii.    counsel of record for Plaintiff and stenographic, clerical, and paralegal employees of those attorneys whose function require access to Confidential Information.

  b.    For Defendant:

      i.    current officers, directors and/or employees of Defendant deemed necessary by counsel to aid in the prosecution, defense, settlement or appeal of this action, provided that before such persons receive any Confidential Information, each such person receives a copy of this Order and executes an Agreement in the form of Exhibit A hereto;

      ii.    persons listed as Defendant witnesses, provided that before such persons receive any Confidential Information, each such person receives a copy of the Order and executes an Agreement in the form of Exhibit A hereto;

      iii.    counsel of record for Plaintiff and stenographic, clerical, and paralegal employees of those attorneys whose function require access to Confidential Information.

  c.    Independent litigation support services retained by counsel for the purposes of this

action, provided that before such persons receive any Confidential Information, each such person receives a copy of this Order and executes an Agreement in the form of Exhibit A hereto.

      d.      Court reporters covered by paragraph 10 below, provided that before such persons receive any Confidential Information, each such person receives a copy of this Order and executes an Agreement in the form of Exhibit A hereto.

      e.      Experts or consultants, including their support personnel, whose advice and consultation are being or will be used by a party to this action, provided that before such persons receive any Confidential Information, each such person receives a copy of this Order and executes an Agreement in the form of Exhibit A hereto.

      f.      The Court and court support personnel authorized by the court and such other persons as hereafter may be designated by written stipulation of the parties or by further order of the Court upon motion of any of the parties to this case, provided that before such persons receive any Confidential Information, each such person receives a copy of this Order and executes an Agreement in the form of Exhibit A hereto.

5.      A party shall designate as Confidential Information only materials which that party in good faith believes constitutes information that is not generally known and which the party would normally not reveal to third parties or would require third parties to maintain in confidence. The provisions of this

Order with respect to Confidential Information shall not apply to information that was, is, or becomes accessible to the public or which is obtained by the opposing party through independent means.

6.      Material designated as Confidential under this Order, the information contained therein, and any summaries, copies abstracts or other documents derived in whole or in part from the material so designated (hereafter "Confidential Material") shall be used only for the purpose of the persecution, defense, settlement, or appeal of this action and for no other purposes. Furthermore, no person, corporation, firm or other entity shall give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information.

Each party reserves the right to challenge any other party's designation of particular information as Confidential for the purpose of having the Court determine whether or not the information should have been designated "Confidential."

7.      In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

---

[1] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 154179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of*

8. In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law or other papers filed with the Court in this action, such papers so filed shall be designated "Confidential Information-Subject to Protective Order" and shall be maintained under seal by the Court in accordance with the provisions of this Order relating to Confidential Information.

9. With respect to the testimony of a party or a party's officers, employees, directors agents, consultant, and/or experts, elicited during depositions, hearings, trial and other proceedings, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which should be treated as Confidential Information with respect to such client, counsel shall designate on record prior to such disclosure, or any time before the deposition, hearing or other proceeding is adjourned, that such deposition, hearing or other proceeding contains Confidential Information or so advise counsel within 14 days of receipt of transcript. During this 14-day period, all deposition transcripts and the information therein shall be deemed "Confidential." Once such a deposition has been made, the court reporter taking and transcribing the deposition, hearing or other proceeding shall treat the transcript containing the question(s) and answers designated as "Confidential" as provided for in this Order for documents so designated. Within 14 days of receipt of the transcript, counsel for the witness shall confirm which specific pages on the deposition contain Confidential Information, shall mark such pages accordingly, and shall provide a copy of the marked transcript to all parties' counsel.

---

*Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (*same*).

10. Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, at the conclusion of the testimony, if any such testimony has been designated as Confidential Information, that all such testimony and information revealed at the deposition shall not be disclosed by such reporter or transcriber except to the attorneys for each party, the witness giving testimony, and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in confidentiality and safekeeping by such reporter or transcriber or shall be delivered to the undersigned attorneys.

11. The Clerk of the Court is directed to maintain under seat all documents and all transcripts of deposition testimony filed with this Court in this action by any party which are, in whole or in part, designated as Confidential Information, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall advise the Clerk, as set forth in paragraph 8 above, that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

12. Nothing herein is intended to govern, limit or affect the right of any party to use Information designated as "CONFIDENTIAL" in the trial of this action, in any pretrial proceeding conducted herein, or in any appeal of this action, provided that such information is submitted and filed under seal and shall not be made available to anyone other that a trier of fact and those persons authorized to see such information pursuant to paragraph 4 of the Protective Order. In

the event that any Confidential Information is used in any proceeding in this action, including trial, it shall not use its Confidential status merely through such use.

13.     The procedure set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to the confidentiality of documents, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it limit or preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or from applying to the court for relief from protective order.

14.     This Protective Order shall not affect: (a) any party's right to use with complete discretion the information which it initially produced; (b) any party's right to object to any discovery demand on any ground; (c) any party's rights to seek an order compelling discovery with respect to any discovery demand; (d) any party's right to object to the admissibility of any information on any ground; (e) any counsel's right to make litigation decisions in this or any other proceeding that do not involve disclosure of information subject to this Protective Order or of any copy, transcript or summary thereof; (f )any party's right to use, without limitation, any information, including information designated "CONFIDENTIAL," that the party acquires independently and lawfully from a source other than the designating party; (g) any party's right to disclose information pursuant to a duly authorized subpoena or civil investigative demand, provided that any party intending to produce information designated as "CONFIDENTIAL" shall give counsel for the designating party prompt notice of such subpoena or civil investigative

demand, which notice if possible should be at least 10 days prior to the earlier of (1) any deadline for filing objections to the subpoena or civil investigative demand, or (2) the actual production of the information; or (h) any party's right to seek amendments to this Protective Order or otherwise modifying this Protective Order.

15. To the extent provided by law, the inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Any party receiving notice from a producing party that information has been inadvertently produced shall return all such information (including all copies thereof within its custody and control) to the producing party within 5 working days of receipt of such notice, unless application is made to the Court within such period to challenge the claim of privilege or other protection. Nothing in this paragraph applies to any information governed by paragraph 18 below.

16. In the event a producing party fails to designate information as Confidential, the producing party may correct the error by notifying counsel for all receiving parties within 10 days of discovering the error that the producing party wishes to designate as Confidential. Any party receiving notice that information has been inadvertently produced without the Confidential designation from the producing party shall return all such information (including copies thereof within its custody and control) to the producing party within 5 days of receiving notice that such information may be designated Confidential.

17. It is agreed that the confidential nature of the Confidential Information makes any breach of this Order unable to be remedies solely by damages. Therefore, if there is a breach or threatened breach of this Order, the parties, and all other persons subject to this Order, hereto acknowledge that the non-breaching party shall be entitled to a temporary restraining order and/or injunction; however, this shall not be construed as prohibiting the non-breaching party from seeking any other remedies for any breech or threatened breach.

18. This Order shall survive the final termination of this action. Within 30 days of the termination of this action and any final appeal(s) thereof, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and any copies there of.

**IT IS SO ORDERED.**

This 30th day of November, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED BY STIPULATION AND ORDER ENTERED INTO IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the District Court of Shawnee County, Kansas for Kansas Civil Action Number 00-C-772 and understand the terms thereof and agree to be bound by such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential Information," pursuant to the terms of said Protective Order, any document or information designated as "Confidential" or any copies or extracts of information derived from information therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes of the above-mentioned case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the District Court of Shawnee County, Kansas for the purposes of enforcing said Protective Order.

Date:_____

Signature:_____

_____
Type or Print Name